# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**DANGELO P. MOORE**,

        Defendant.

**Case No. 18-3073-01-CR-S-BP**

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, hereby moves the Court to order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offenses of conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B); and possession, with intent to distribute, 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably

assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a crime for which a term of not less than five years and not more than 40 years' imprisonment is possible.

The Government further submits that in light of the Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, the defendant's statutory sentencing range is currently a term of imprisonment not less than five years and not more than 40 years.

To further support the Government's contention of the defendant's risk to the safety of the community and to flee, the Government offers that:

- On October 18, 2016, and November 2, 2016, Moore personally distributed heroin in Springfield, Missouri.

- On November 12, 2016, Moore transported approximately eight ounces of heroin and five ounces of cocaine from East Saint Louis, Illinois, to Greene County, Missouri.

- On November 12, 2016, in a recorded telephone conversation between Moore and a co-conspirator made from the Greene County, Missouri, Jail, Moore discussed with the co-conspirator his intention to flee from law enforcement during the above-mentioned stop.

- Moore has prior felony convictions for aggravated robbery and possession of a controlled substance; and misdemeanor convictions for resisting an arrest, criminal trespass to land, and driving while under the influence of alcohol.

- Finally, Moore, currently, is serving a term of probation for his possession of a controlled substance case. Because Moore has violated his conditions of probation, the Circuit Court of Greene County, Missouri, scheduled a probation violation hearing for August 24, 2018.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

>Respectfully submitted,
>
>TIMOTHY A. GARRISON
>United States Attorney
>
>By  */s/ Nhan D. Nguyen*
>Nhan D. Nguyen
>Missouri Bar No. 56877
>Assistant United States Attorney
>901 St. Louis Street, Suite 500
>Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on July 16, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

>*/s/ Nhan D. Nguyen*
>Nhan D. Nguyen
>Assistant United States Attorney